UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| FIFTH THIRD BANK,<br><br>    *Plaintiff*,<br><br>v.<br><br>JAY CHEVROLET, INC.; PROGRESSIVE INVESTMENT CONCEPTS, INC.; and EMMANUEL J. GILSTRAP,<br>    *Defendants*. | Civil Action File No.:<br>8:09-879-HFF<br><br>**JUDGMENT ENTRY FOR PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT** |

      This matter is before the Court on Plaintiff Fifth Third Bank's ("Plaintiff") Motion for Default Judgment as to Defendants Jay Chevrolet, Inc., Progressive Investment Concepts, Inc. and Emmanuel J. Gilstrap. Upon the pleadings filed herein and made a part of this action and the docket of this Court, the Court concludes as follows:

    1.    That Defendants Jay Chevrolet, Inc. ("Jay Chevy"), Progressive Investment Concepts, Inc. ("Progressive") and Emmanuel J. Gilstrap ("Gilstrap") (collectively, the "Defendants") have been properly served and are properly before this Court.

    2.    That this Court has jurisdiction of the subject matter herein.

    3.    On or about August 8, 2007, Jay Chevy executed and delivered to Plaintiff a Master Secured Promissory Note in the principal amount of $3,000,000.00 plus interest at the LIBOR rate plus 175 basis points per annum (LIBOR + 175 bps) payable on demand ("Jay Note One"). Upon default the terms of Jay Note One call for interest to accrue at up to 600 basis points above the current rate (LIBOR + 775 bps). Jay Note One is in default due to the failure to make payments in accordance with the terms of Jay Note One. Plaintiff exercised its rights to accelerate Jay Note One such that the entire balance is due and owing. Jay Chevy owes Plaintiff upon Jay Note One the principal sum of $1,032,350.65, plus all accrued and unpaid interest as of November 12, 2009 in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

4. On or about August 8, 2007, Jay Chevy executed and delivered to Plaintiff a Master Secured Promissory Note in the principal amount of $200,000.00 plus interest at the LIBOR rate plus 225 basis points per annum (LIBOR + 225 bps) payable on demand ("Jay Note Two"). Upon default the terms of Jay Note Two call for interest to accrue at up to 600 basis points above the stated rate of interest (LIBOR + 825 bps). Jay Note Two is in default due to the failure to make payments in accordance with the terms of Jay Note Two. Plaintiff exercised its rights to accelerate Jay Note Two such that the entire balance is due and owing. Jay Chevy owes Plaintiff upon Jay Note Two the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $3,043.05, plus late charges as of November 12, 2009 in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

5. On or about March 27, 2007, Progressive executed and delivered to Plaintiff a Master Secured Promissory Note in the principal amount of $7,000,000.00 plus interest at the LIBOR rate plus 175 basis points per annum (LIBOR + 175 bps) payable on demand ("Progressive Note"). Upon default the terms of Progressive Note call for interest to accrue at up to 600 basis points above the stated rate of interest (LIBOR + 775 bps). Progressive Note is in default due to the failure to make payments in accordance with the terms of Progressive Note. Plaintiff exercised its rights to accelerate Progressive Note such that the entire balance is due and owing. Progressive owes Plaintiff upon Progressive Note the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

6. On or about August 8, 2007, Gilstrap executed and delivered to Plaintiff an Unlimited Payment Guaranty agreement by which he obligated himself to the payment of the obligations of Jay Chevy to Plaintiff ("Gilstrap Guaranty One"). As set forth above, Jay Chevy is in default of its obligations under Jay Notes One and Two. Gilstrap owes Plaintiff upon Gilstrap Guaranty One as follows: on Jay Note One the principal sum of $1,032,350.65, plus all accrued and unpaid interest

as of November 12, 2009, in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action; and on Jay Note Two the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $3,043.05, plus late charges as of November 12, 2009, in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

7. On or about August 8, 2007, Progressive executed and delivered to Plaintiff a Secured Guaranty agreement by which it obligated itself to the payment of the obligations of Jay Chevy to Plaintiff ("Progressive Guaranty"). As set forth above, Jay Chevy is in default of its obligations under Jay Notes One and Two. Progressive owes Plaintiff upon Progressive Guaranty as follows: on Jay Note One the principal sum of $1,032,350.65, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action; and on Jay Note Two the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $3,043.05, plus late charges as of November 12, 2009, in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

8. On or about March 27, 2007, Gilstrap executed and delivered to Plaintiff an Unlimited Payment Guaranty agreement by which he obligated himself to the payment of the obligations of Progressive to Plaintiff ("Gilstrap Guaranty Two"). As set forth above, Progressive is in default of its obligations under the Progressive Note. Gilstrap owes Plaintiff upon Gilstrap Guaranty Two the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

9. On or about March 27, 2007, Jay Chevy executed and delivered to Plaintiff a Secured Guaranty agreement by which it obligated itself to the payment of the obligations of Progressive to Plaintiff ("Jay Chevy Guaranty"). As set forth above, Progressive is in default of its obligations under the Progressive Note. Jay Chevy owes Plaintiff upon Jay Chevy Guaranty the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

Defendants have failed to respond to Plaintiff's motion for a Default Judgment nor have Defendants expressed an interest in being heard on this matter before the Court.

WHEREFORE, Plaintiff is granted judgment as follows:

A. On Jay Note One, judgment in its favor and against Jay Chevy, in the principal sum of $1,032,350.65, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

B. On Jay Note Two, judgment in its favor and against Jay Chevy, in the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $3,043.05, plus late charges as of November 12, 2009, in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

C. On Progressive Note, judgment in its favor and against Progressive, in the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 675 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

D. On Gilstrap Guaranty One, judgment in its favor and against Gilstrap as follows: on

Jay Note One the principal sum of $1,032,350.65, plus all accrued and unpaid interest as of November 12, 2009 in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action; and on Jay Note Two the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009 in the sum of $3,043.05, plus late charges as of November 12, 2009, in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

    E. On Progressive Guaranty, judgment in its favor and against Progressive as follows: on Jay Note One the principal sum of $1,032,350.65, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $19,215.29, plus late charges as of November 12, 2009, in the sum of $1,020.82, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action; and on Jay Note Two the principal sum of $200,000.00, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $3,043.05, plus late charges as of November 12, 2009, in the sum of $120.00, plus interest thereafter at the default rate of LIBOR + 825 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

    F. On Gilstrap Guaranty Two, judgment in its favor and against Gilstrap, in the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action;

    G. On Jay Chevy Guaranty, judgment in its favor and against Jay Chevy, in the principal sum of $1,954,079.42, plus all accrued and unpaid interest as of November 12, 2009, in the sum of $36,461.47, plus late charges as of November 12, 2009, in the sum of $2,031.02, plus interest thereafter at the default rate of LIBOR + 775 bps, plus expenses and fees after November 12, 2009, and the costs of this action.

**IT IS SO ORDERED**.

Signed this 8th day of February, 2010, in Spartanburg, South Carolina.

                                                  s/ Henry F. Floyd  
                                                  HENRY F. FLOYD  
                                                  UNITED STATES DISTRICT JUDGE